# NICHOLLS & TAYLOR v. FREDERICK MILLING COMPANY and Another.[1]

November 28, 1913.

Nos. 18,390—(95).

**Judgment — motion to set aside default.**

1. Where the facts set forth by defendant in his affidavit in support of an application to set aside a judgment taken by default were denied in the affidavits for plaintiff, *held:* The trial court, by denying the application, must be deemed to have found the facts against defendant, and as the record discloses no reason for disapproving the conclusion of the court, it cannot be said the court abused its discretion in denying the relief asked. [Reporter.]

**Same — point not raised in trial court disregarded on appeal.**

2. A contention that the judgment was in excess of the amount justified by the complaint, which was not presented to the trial court upon an application to open a default judgment, and was not then considered, will not be considered upon appeal to this court. [Reporter.]

Defendant White obtained from the district court for Hennepin county an order requiring plaintiff to show cause why the judgment in the above entitled action should not be set aside and defendant White allowed to answer on the ground that the judgment was taken through his mistake, inadvertence and excusable neglect. The application was denied, Waite, J. From the order denying the application, defendant White appealed. Affirmed.

[1] Reported in 143 N. W. 1123.

*Norton & Norton*, for appellant.
*Wilson, Mercer, Swan & Stinchfield*, for respondent.

PER CURIAM.

The summons and complaint were personally served upon defendant White on July 6, 1911. He made no appearance in the action, and judgment was rendered against him on August 7, 1911. Thereafter, and in November, 1912, defendant applied to the court below to open the judgment with permission to answer and defend in the action. The application was denied and defendant appealed.

We discover from the record no abuse of discretion in denying the application. Nearly all the material facts set forth by defendant as his excuse for not answering in time were denied by the affidavits submitted by the plaintiff in opposition to the application, and the truth of the excuse was thereby made a question of fact. By denying the application the court below must be deemed to have found the facts against defendant. Our examination of the record discloses no reason for disapproving the conclusions of the trial court. Therefore it cannot be said that there was an abuse of discretion in denying the relief asked for.

The further contention of the defendant that the judgment was in excess of that which the complaint justified, and as to one of the causes of action therein stated that the complaint was fatally defective in not alleging sufficient facts, was not presented to the court below by the moving papers, was not there considered, and therefore is not properly before this court. If the judgment is deemed excessive, the matter should be presented to the court below.

Order affirmed.